COWART, Judge.
Appellant filed a complaint in equity alleging that she had executed. a deed to appellee without adequate consideration and without intent to transfer an indefeasible legal title and praying that the deed be cancelled. The defendant filed an answer and counterclaim and moved for judgment on the pleadings. The trial court granted the motion and dismissed the complaint apparently on the basis that it did not state a cause of action. The complaint is poorly drawn; however, a liberal reading of it indicates that at one time appellant owned a home subject to two mortgages, that the two mortgages had been foreclosed and the *1232 foreclosure sale date set when appellee contacted appellant and “offered to help her save her property from the foreclosure sale” pursuant to which, to avert the foreclosure sale, appellee paid all sums due the two mortgagees and appellant executed to ap-pellee the deed in question.
Under these allegations of the complaint, the deed could be deemed a mortgage under section 697.01(1), Florida Statutes (1979). Equity peculiarly has jurisdiction to declare an instrument in the form of a unqualified conveyance to be, in equity, a mortgage merely securing a debt and to recognize the equity of redemption that remains in the grantor of such a deed. Since under Florida Rule of Civil Procedure 1.110(b) every complaint is considered to pray for general relief, it cannot be said that the complaint lacked such equity (or failed to state a cause of action) as to be subject to dismissal. Accordingly the judgment on the pleadings is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.